[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff David Salm alleged in his complaint that he injured himself while using the facilities of the defendant Greater Hartford Jewish Community Center ("GHJCC") on February 16, 1997. The original complaint sounds, generally, in premises liability. The action against GHJCC, the only original defendant, was initiated on February 4, 1999. The GHJCC brought an apportionment complaint against the apportionment defendants Tai Soo Kim Associates, Inc., and Engineering Consultants of Hartford, P.C.[1] on June 21, 1999. The apportionment complaint alleges that the design provided by these parties was faulty. The plaintiff served a direct complaint against the apportionment defendants on September 16, 1999. I find that the apportionment defendants substantially completed their improvements on May 14, 1991, the date of the certificate of occupancy. The apportionment defendants have moved for summary judgment on the ground that the action against them is barred by § 52-584a of the General Statutes, the statute of limitations specifically applicable to design professionals. The resolution of the matter depends upon the relationship between § 52-584a and §52-102b, which provides the procedure governing apportionment complaints.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It CT Page 14401 is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
Section 52-584a establishes a seven year statute of repose for causes of action claiming deficiencies in design. It is not disputed that the apportionment defendants are within the category of professionals governed by the provisions of § 52-584a. Subsection (a)(1)(C) provides that no action to recover damages for personal injury arising out of a design deficiency shall be brought more than seven years after substantial completion of the improvement in question. Subsection (b) contains a limited savings clause: notwithstanding subsection (a), an injury which occurs in the seventh year after substantial completion may provide the basis for an action in damages if the action is brought no more than eight years after substantial completion. Subsection (d) provides that the limitation "shall not be asserted by way of defense" by any person in actual possession or control of the improvement at the time of the injury.
Section 52-102b of the General Statutes provides the procedure governing apportionment complaints. According to § 52-102b (b), the apportionment defendant has available all the defenses which are available to an original defendant. The subsection further provides that "[i]f the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitation or repose shall be a defense or bar to such claim for apportionment, except that, if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against the apportionment defendant. . . ." Finally, subsection (d) states that "[n]otwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint . . . assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
Two clearly expressed legislative policies find themselves in conflict. The legislature clearly intended § 52-584a to be a statute of repose to provide an outer limit of exposure to claims against design professionals. See, e.g., Civitello v. New Haven, 6 Conn. App. 212, 225
(1986). On the other hand, § 52-102b clearly expresses the intent to allow plaintiffs the opportunity to recover from apportionment defendants the amounts which correspond to percentages of negligence which may be allocated to apportionment defendants, regardless of any other applicable CT Page 14402 statute of limitations.
I have not found binding authority which resolves the issue, nor has any been provided to me. We may start with the proposition that, without more, the claim against the apportionment defendants is barred by §52-584a (a). The savings clause, § 52-584a (b), does not help the plaintiff in this action because the injury occurred in the sixth year following substantial completion, not the seventh. But, pursuant to § 52-584a (d), the original defendant in this action, the GHJCC, would not be able to assert the design defense because it is the possessor of the premises.
Turning to § 52-102b, we find that subsection (b) provides that no statute of limitations or repose shall be a bar to an apportionment action, except that if the action against the original defendant is also subject to such a bar, the apportionment defendant may plead the bar as a defense to a direct action brought by the plaintiff Subsection (d), as stated above, provides that no statute of limitations bars a plaintiff from pursuing a direct action against the apportionment defendant if the plaintiff serves the direct complaint within sixty days of the return date of the apportionment complaint.
The exception expressed in subsection (b), to the effect that an apportionment defendant may assert a statute of repose against a direct complaint if the defense was available to the original defendant, must be an exception to the more general provision of subsection (d), which asserts that no statute of repose can bar a direct action timely brought under that subsection. Otherwise, the language of subsection (b) would be meaningless and have no effect. The difficulty is that the design professionals' statute of repose is not available to the original defendant in this action by virtue of § 52-584a (d), because the original defendant was allegedly in possession and control of the premises where the injury occurred. The exception expressed in § 52-102b
(b) is not operative, then, and the language in § 52-102b (d) operates to bar the application of any applicable statute of repose, including § 52-584a. The motion for summary judgment must, then, be denied.
The plaintiff also raised the question of whether there was a genuine issue of fact regarding the date of substantial completion. On the materials presented, including the various documents regarding certificates of occupancy, I find that the plaintiff has presented no evidence sufficient to place in controversy that presented by the apportionment defendants, and that the date of substantial completion is the date of the certificate of occupancy. CT Page 14403
Finally, the result reached in this decision is not necessarily inconsistent with the policy expressed in § 52-584a. Although I do not specifically reach the issue, it is conceivable that § 52-584a
(2) may bar the apportionment action.
 ___________________, J. Beach